IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WALTER H. HOLLOWAY, | ) | 8:19CV326 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| DMV DEPARTMENT OF MOTOR VEHICLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his pro se Complaint on July 26, 2019 (Filing 1) and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is incomprehensible. Plaintiff appears to be complaining he has not been able to obtain a REAL ID from the Nebraska Department of Motor Vehicles, but the Complaint is a collection of random grievances against persons and entities who have no connection to the DMV.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court can identify no federal statutory or constitutional provision that would give rise to plausible claim for relief against the DMV or any named defendant, and has determined this action should dismissed on initial review because Plaintiff's allegations are completely unintelligible and without a factual or legal basis.[1] *See*

---

[1] The court notes that other recent actions filed by Plaintiff have been dismissed as frivolous. *See Walter H. Holloway v. False Address to Avoid Relief of Court*, Case No. 8:19CV127 (D.Neb. Apr. 19, 2019); *Walter H. Holloway v. Omaha Public Power District, et al.*, Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV135 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1806 (8th Cir. Aug. 13, 2018); *Walter H. Holloway v. Maria, et al.*, Case No. 8:18CV108 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1857 (8th Cir. Aug. 13, 2018); *see also Walter H. Holloway v. MUUD, et al.*, Case No. 8:18CV560 (D.Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); *Walter H. Holloway v. Omaha Work Staffing, et al.*, Case No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

*Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his complaints because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint (Filing 1) is dismissed with prejudice as frivolous.

2. Judgment shall be entered by separate document.

DATED this 5th day of August, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge